*397
 
 Daniel, J.
 

 The judge below was of opinion that the justice of the peace had jurisdiction in this case, and we are of the same opinion. He has jurisdiction for a balance due on any special contract, and for goods sold and delivered. Rev. Stat. ch. 62, s. 6. But it is said, that these goods were to be paid for upon a condition, and a justice cannot determine a case of this description, because it may involve the question of the title to land. We think that he can, because, by the act of Assembly, he has jurisdiction of the principal question, namely, the special agreement to pay for the rails, and that necessarily involves the jurisdiction of determining every
 
 incidental question. Secondly ;
 
 the plaintiff proved by a witness, that, upon the trial of the suit a- , gainst Dailey, the fact of the cutting of the timber was admitted, and that the only question submitted to the jury and decided was, the title of Shaw to the swamp.' This evidence was objected to by the defendant, but admitted by the court. The objection really has no force, except that the evidence was superfluous in further establishing what the record had already. Thirdly, the defendant objected that the warrant was brought too soon, being before he had dismissed his suit. But the answer is, that the question, upon which the plaintiff’s right depended, had been decided, which was the title to the land as determined in the suit against Dailey.
 

 Per Curiam. Judgment affirmed.